IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Margaret Melissa Plant,

        Plaintiff

vs.                                Case No.

Midwest Fidelity Services, LLC,

        Defendant

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Margaret Melissa Plant ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Mexico, County of Torrance, and City of Estancia.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6.      Defendant, Midwest Fidelity Services, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     In connection with the collection of the alleged Debt, on November 25, 2015, Defendant telephoned Plaintiff and left a voicemail message.

12.     Defendant's November 25, 2015 voicemail message to Plaintiff stated:

> You have an important message from Midwest Fidelity Services. This is a call from a debt collector. Please call 800-983-5027.

13. The November 25, 2015 voicemail was Defendant's initial communication with Plaintiff.

14. Defendant's November 25, 2015 voicemail failed to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." *See* 15 U.S.C. § 1692e(11).

15. Defendant's November 25, 2015 voicemail also failed to disclose the caller's individual identity.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

16. Plaintiff repeats and re-alleges each and every factual allegation above.

17. Defendant violated 15 U.S.C. § 1692d(6) by placing a telephone call to Plaintiff without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

18. Plaintiff repeats and re-alleges each and every factual allegation above.

19. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during its initial communication that it was attempting to collect a debt and that any information obtained would be used for that purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 6, 2016

                                            Respectfully Submitted,

                                            <u>s/Anita M. Kelley</u>
                                            Anita M. Kelley
                                            Law Office of Anita M. Kelley
                                            1121 Fourth Street NW, Suite 1-A
                                            Albuquerque, NM 87102
                                            (505) 750-0265
                                            akelley@consumerlawinfo.com
                                            Attorney for Plaintiff

*Co-counsel with Thompson Consumer Law Group, PLLC*

                                            **Correspondence Address**
                                            Thompson Consumer Law Group, PLLC
                                            5235 E. Southern Ave D106-618
                                            Mesa, AZ 85206